UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRACIE MITCHEM-GREEN,

    Petitioner,

v.                                  CASE NO. 3:25-cv-935-WWB-SJH

RICHARD SEWELL, et al.,

    Respondents.
_____/

## ORDER

Petitioner, Tracie Mitchem-Green ("Petitioner"), initiated this action by filing a Petition for Writ of Mandamus against Richard Sewell ("Clerk"), in his capacity as a clerk for the United States Court of Appeals for the Fourth Circuit, and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). Doc. 1. Petitioner also filed an application to proceed *in forma pauperis* ("Application"), Doc. 2, and a motion to participate in electronic filing ("Motion to Participate"), Doc. 4.

Thereafter, Petitioner filed an amended complaint against the Clerk and the Fourth Circuit, the now-operative pleading ("Pleading"). Doc. 8. Petitioner also filed an amended application to proceed *in forma pauperis* ("Amended Application"), Doc. 7, and a Motion for Leave to Change Nature of Suit, Permit Typography with Previous Filings, and Request to Grant Electronic Filing Request ("Motion for Miscellaneous Relief"), Doc. 12.

The Application is **denied without prejudice as moot** due to the filing of the

Amended Application. The Amended Application is **taken under advisement**.

The Motion to Participate is **denied**. The Motion to Participate asserts no basis—let alone one supplying good cause out of the ordinary—for the requested relief. *See Gerow v. Blackwell*, No. 8:24-cv-2280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("'Absent a court order, a pro se litigant is not permitted to file documents in CM/ECF.' Such an order is generally unavailable in this district unless 'the pro se party makes a showing of good cause or extenuating circumstances justifying such relief.'") (citations omitted); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011);[1] *Gillespie v. Wilcox*, No. 5:25-cv-486-SPC-PRL, 2025 WL 2306739, at *1 (M.D. Fla. Aug. 11, 2025); *Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). Similarly, the Motion for Miscellaneous Relief is **denied in part** to the extent it requests the Court grant the Motion to Participate.

The Motion for Miscellaneous Relief is **granted in part** to the limited extent that (i) the Clerk is **directed** to amend the nature of suit to "360 Other Personal Injury";[2] and (ii) the Court will not strike prior filings of Petitioner that do not comply

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[2] The undersigned expresses no view on whether such designation is accurate but merely effectively allows Petitioner to amend the civil cover sheet, which does not impact the resolution of this action, to designate the action in accordance with Petitioner's request. *See, e.g.*, *Nails v. Shop Your Way Master Credit Card*, No. 4:22-cv-4170-RAL, 2023 WL 3302047, at *2 n.1, *5 (D.S.D. May 8, 2023) (granting *pro se* plaintiff's motion to change nature of suit "[a]lthough the classification of the complaint on the civil cover sheet has no impact on the

with the typography requirements of the presiding district judge's standing order. Doc. 5. Petitioner is **directed** to carefully review and comply with these requirements, however, and is **cautioned** that future noncompliant filings may be summarily rejected.

      **DONE AND ORDERED** in Jacksonville, Florida, on August 28, 2025.

                                                     Samuel J. Horovitz
                                                     United States Magistrate Judge

Copies to:

*Pro Se* party

---

case"); *see also Lankster v. Alabama Power*, No. 1:23-cv-191-TFM-N, 2023 WL 4995833, at *4 n.6 (S.D. Ala. June 7, 2023) (explaining that the civil cover sheet and nature of suit designation therein are not part of the pleading).